# SCHEWEL FURNITURE COMPANY, INC.

EMPLOYER: CREE, INC PHONE: 919-313-5765

| DEPOSIT AMOUNT | HOW TAKEN | PRIMARY DEBTOR (CALLED YOU) | DATE OF SALE |
|---|---|---|---|
| 200.00 | VISA | RIDDIT, WANDA | 08/20/10 |
| TRAN TYPE: FINANCE | | CO-DEBTOR (ALSO CALLED YOU) | HOW DELIVERED: TRUCK DELIVER |
| CASHIER: LIZZIE | SALESPERSON: PA | ADDRESS 3393 GENLEE DRIVE | DELIVERY DATE: 08/28/10 |
| CUSTOMER NUMBER | | CITY DURHAM STATE NC ZIP CODE 2770 | HOME PHONE: 599-4367 NEW |

THIS INSTALLMENT SALE AGREEMENT AND SECURITY AGREEMENT, made as of the above date between SCHEWEL FURNITURE COMPANY, INC. ("Secured Party") and the above named purchaser ("Debtor"). WITNESSETH:

1. CREATION OF SECURITY INTEREST. Secured Party has this date sold to Debtor and Debtor has purchased from Secured Party on the terms and conditions hereinafter set forth the consumer goods or equipment ("Collateral") described in paragraph 2 hereof, and Debtor hereby grants to Secured Party a purchase money security interest in said Collateral and its proceeds, if any.

2. COLLATERAL. The Collateral hereof is described as follows, but may also include other items of equipment described on prior contracts, as set forth in Paragraph 4b as the case may be on the reverse side.

3. IN THE EVENT OF DEFAULT, REASONABLE ATTORNEY'S FEES AND OTHER COSTS OF COLLECTION MAY BE IMPOSED AS PROVIDED ON THE REVERSE SIDE HEREOF.

NOTICE: IF YOU PAY THIS LOAN OR SALE ON CREDIT PARTIALLY OR IN FULL BEFORE ITS DUE DATE, THE AMOUNT OF INTEREST YOU PAY WILL BE GREATER THAN THE AMOUNT OF INTEREST YOU WOULD PAY FOR A SIMPLE INTEREST LOAN OF THE SAME PRINCIPAL AMOUNT.

| QTY. | METHOD | SKU NUMBER | VENDOR | STOCK NO. | DESCRIPTION | FINISH/SIZE | AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | P | 110337176 | SOTH | 054-31-028-21 | RECL SOFA | 3599.95 | 1,800.00 |
| 1 | P | 111337178 | SOTH | 064-28-028-21 | DUAL RECL | BONDLEAT | |
| 1 | P | 112337170 | SOTH | 054-83-028-21 | WEDGE | BONDLEAT | |
| 1 | P | 001000552 | PHDF | 5 YR MULTI ITEM LEATHER | PREMIER WA | | 199.95 |
| 1 | P | 378235020 | GRTR | 643-66F | 6/6 SLEIGH | | 1,399.95 |
| 1 | P | 379235022 | GRTR | 643-66F | 6/6 SLEIGH | | |
| 1 | P | 380235026 | GRTR | 643-66R | 6/6 WOOD R | | |

DEBT CANCELLATION AGREEMENT:

1. A DEBT CANCELLATION AGREEMENT IS NOT REQUIRED TO OBTAIN CREDIT.
2. THE FEE FOR A DEBT CANCELLATION AGREEMENT IS $ 638.36.
3. AFTER RECEIVING THE ABOVE DISCLOSURES, I WISH TO PURCHASE A DEBT CANCELLATION AGREEMENT.

Wanda Riddick
BUYER(S)

DATE 8/20/10

Roxboro, N.C. 27573-920
336-599-0281
Serials ...

| ITEMIZATION OF AMOUNT FINANCED OF | 5,079.13 |
|---|---|
| a. TOTAL AMOUNT THIS SALE | 3,399.90 |
| b. DELIVERY CHARGE | 80.00 |
| c. SALES TAX | 269.69 |
| d. CASH PRICE (a + b + c) (TOTAL) | 3,749.59 |
| e. LESS: CASH DOWN PAYMENT $ 200.00 | |
| f. UNPAID BALANCE OF CASH PRICE (d - e) | 3,549.59 |
| g. BALANCE REFINANCED (ACCORDING TO PARAGRAPH 4b ON REVERSE SIDE) ON PRIOR CONTRACT(S): (1) OLD BALANCE 1,001.81; (2) LESS REBATE OF UNEARNED FINANCE CHARGE $ 34.54; (3) Less Rebate of Unearned Debt Cancellation Charge: $ 76.00 | 891.18 |
| NET BALANCE REFINANCED | |
| h. Amount paid on your account (f + g) | 4,440.77 |
| i. CHARGE FOR VOLUNTARY DEBT CANCELLATION AGREEMENT | 638.36 |
| j. Prepaid Finance Charge (Processing Fee) | 9.95 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| THE COST OF YOUR CREDIT AS A YEARLY RATE | THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. | THE AMOUNT OF CREDIT PROVIDED TO YOU OR ON YOUR BEHALF. | THE AMOUNT YOU WILL HAVE PAID AFTER YOU HAVE MADE ALL PAYMENTS AS SCHEDULED. | THE TOTAL COST OF YOUR PURCHASE ON CREDIT INCLUDING YOUR DOWNPAYMENT OF $ 200.00 |
| 17.982 % | $ 965.96 | $ 5,079.13 | $ 6,045.09 | $ 5,353.91 |

YOUR SCHEDULE OF PAYMENT IS: 23 Mo. MONTHLY PAYMENTS OF 262.83 EXCEPT THE LAST PAYMENT WHICH IS 252.83. EACH PAYMENT IS DUE ON THE 20 DAY OF THE MONTH BEGINNING 09/20/10

LATE CHARGE: IF A PAYMENT IS 10 DAYS OR MORE PAST DUE, YOU WILL BE CHARGED 5% OF SUCH PAYMENT, or $8.00, WHICHEVER IS LESS.

PREPAYMENT: IF YOU PAY OFF EARLY, YOU MAY BE ENTITLED TO A REFUND OF PART OF THE FINANCE CHARGE.

SECURITY: YOU ARE GIVING A SECURITY INTEREST IN THE GOODS BEING PURCHASED. COLLATERAL SECURING OTHER LOANS WITH US MAY ALSO SECURE THIS CREDIT SALE.

SEE OTHER SIDE FOR ADDITIONAL INFORMATION ABOUT NONPAYMENT, DEFAULT, ANY REQUIRED PREPAYMENT IN FULL BEFORE THE SCHEDULED DATE, AND PREPAYMENT REFUNDS AND PENALTIES.

DELIVERY INSTRUCTIONS: SEE ATTACHED

C.O.D. $ | C.O.D. $

EXHIBIT A

The page is a scan of a contract document that is too faded and blurred to reliably transcribe. Only fragments are legible.

- Section headings appear to include: **FINANCE CHARGE**, **PREPAYMENT**, **CREDIT REPORTS**, **DEBTOR'S OBLIGATIONS**, **DEFAULT**, **SECURED PARTY'S RIGHTS AND REMEDIES**, **LATE PAYMENT**, **FIXTURES**, **DEBTOR FURTHER AGREES AND AFFIRMS**, **CONTINGENT ON CREDIT APPROVAL**.
- Closing text references: "THIS CONTRACT SETS FORTH ALL CONDITIONS AND AGREEMENTS BETWEEN THE PARTIES HERETO AND ... PARTY SHALL NOT BE BOUND BY ANY VERBAL AGREEMENT OR MODIFICATION HEREOF ..." and "security interest in favor of SunTrust Bank, as Collateral Agent."
- A signature appears at the bottom: *Wanda Riddit* (reading uncertain).
- Notice block (partially legible): "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED ... RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

# SCHEWEL FURNITURE COMPANY, INC.

EMPLOYER: CREE. INC PHONE: 919-313-5766

| DEPOSIT AMOUNT | HOW TAKEN | PRIMARY DEBTOR (CALLED YOU) | DATE OF SALE |
|---|---|---|---|
| 70.00 | CASH | RIDDIT, WANDA | 09/19/09 |
| TRAN TYPE: FINANCE | | CO-DEBTOR (ALSO CALLED YOU) | HOW DELIVERED |
| CASHIER | SALESPERSON | | customer pkup |
| ANEETRA | P7 | ADDRESS 5570 OXFORD RD | DELIVERY DATE |
| CUSTOMER NUMBER | | | 09/19/09 |
| | | | HOME PHONE |
| | | CITY TIMBERLAKE STATE NC ZIP CODE 27583 | 599-4367 NEW |

THIS INSTALLMENT SALE AGREEMENT AND SECURITY AGREEMENT, made as of the above date between SCHEWEL FURNITURE COMPANY, INC. ("Secured Party") and the above named purchaser ("Debtor"). WITNESSETH:

1. CREATION OF SECURITY INTEREST. Secured Party has this date sold to Debtor and Debtor has purchased from Secured Party on the terms and conditions hereinafter set forth the consumer goods or equipment ("Collateral") described in paragraph 2 hereof, and Debtor hereby grants to Secured Party a purchase money security interest in said Collateral and its proceeds, if any.

2. COLLATERAL. The Collateral hereof is described as follows, but may also include other items of equipment described on prior contracts, as set forth in Paragraph 4b as the case may be on the reverse side.

3. IN THE EVENT OF DEFAULT, REASONABLE ATTORNEY'S FEES AND OTHER COSTS OF COLLECTION MAY BE IMPOSED AS PROVIDED ON THE REVERSE SIDE HEREOF.

NOTICE: IF YOU PAY THIS LOAN OR SALE ON CREDIT PARTIALLY OR IN FULL BEFORE ITS DUE DATE, THE AMOUNT OF INTEREST YOU PAY WILL BE GREATER THAN THE AMOUNT OF INTEREST YOU WOULD PAY FOR A SIMPLE INTEREST LOAN OF THE SAME PRINCIPAL AMOUNT.

| QTY. | STATUS | SKU NUMBER | VENDOR | STOCK NO. | DESCRIPTION | FINISH/SIZE | AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | P | 300216030 | STAN | 4009 | DRESSER | | 360.00 |
| 1 | P | 300216036 | STAN | 4010 | MIRROR | | |
| 1 | P | 319216030 | STAN | 4005 | CHEST | | 225.00 |

DEBT CANCELLATION AGREEMENT:

1. A DEBT CANCELLATION AGREEMENT IS NOT REQUIRED TO OBTAIN CREDIT.
2. THE FEE FOR A DEBT CANCELLATION AGREEMENT IS $ 286.31
3. AFTER RECEIVING THE ABOVE DISCLOSURES, I WISH TO PURCHASE A DEBT CANCELLATION AGREEMENT.

[signature] Wanda Riddick
BUYER(S)

DATE

Roxboro, N.C. 27573-920
336-599-0201
carla10

| ITEMIZATION OF AMOUNT FINANCED OF | 3,340.23 |
|---|---|
| a. TOTAL AMOUNT THIS SALE | 575.00 |
| b. DELIVERY CHARGE | 0.00 |
| c. SALES TAX | 44.56 |
| d. CASH PRICE (a + b + c) (TOTAL) | 619.56 |
| e. LESS: CASH DOWN PAYMENT $ 70.00 | |
| f. UNPAID BALANCE OF CASH PRICE (d - e) | 549.56 |
| g. BALANCE REFINANCED (ACCORDING TO PARAGRAPH 4a ON REVERSE SIDE) OR PRIOR CONTRACT(S): (1) OLD BALANCE 3,178.88; (2) LESS REBATE OF UNEARNED FINANCE CHARGE $ 409.09; (3) Less Rebate of Unearned Debt Cancellation Charge: $265.43 | |
| NET BALANCE REFINANCED | 2,504.36 |
| h. Amount paid on your account (f + g) | 3,053.92 |
| i. CHARGE FOR VOLUNTARY DEBT CANCELLATION AGREEMENT. | 286.31 |
| j. Prepaid Finance Charge (Processing Fee) | 9.95 |

| ANNUAL PERCENTAGE RATE — THE COST OF YOUR CREDIT AS A YEARLY RATE | FINANCE CHARGE — THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. | AMOUNT FINANCED — THE AMOUNT OF CREDIT PROVIDED TO YOU OR ON YOUR BEHALF | TOTAL OF PAYMENTS — THE AMOUNT YOU WILL HAVE PAID AFTER YOU HAVE MADE ALL PAYMENTS AS SCHEDULED. | TOTAL SALE PRICE — THE TOTAL COST OF YOUR PURCHASE ON CREDIT INCLUDING YOUR DOWNPAYMENT OF $ 70.00 |
|---|---|---|---|---|
| 17.993 % | $ 416.53 | $ 3,340.23 | $ 3,756.76 | $ 1,322.40 |

YOUR SCHEDULE OF PAYMENT IS: 15 Mo. MONTHLY PAYMENTS OF 250.45 EXCEPT THE LAST PAYMENT WHICH IS 250.45. EACH PAYMENT IS DUE ON THE 20 DAY OF THE MONTH BEGINNING 10/20/09

LATE CHARGE: IF A PAYMENT IS 10 DAYS OR MORE PAST DUE, YOU WILL BE CHARGED 5% OF SUCH PAYMENT, or $5.00, WHICHEVER IS LESS.

PREPAYMENT: IF YOU PAY OFF EARLY, YOU MAY BE ENTITLED TO A REFUND OF PART OF THE FINANCE CHARGE.

SECURITY: YOU ARE GIVING A SECURITY INTEREST IN THE GOODS BEING PURCHASED. COLLATERAL SECURING OTHER LOANS WITH US MAY ALSO SECURE THIS CREDIT SALE.

SEE OTHER SIDE FOR ADDITIONAL INFORMATION ABOUT NONPAYMENT, DEFAULT, ANY REQUIRED PREPAYMENT IN FULL BEFORE THE SCHEDULED DATE, AND PREPAYMENT REFUNDS AND PENALTIES.

DELIVERY INSTRUCTIONS: 5570 OXFORD RD**158 PASS PERC 1ST BRICK HOUSE ON R

C.O.D. $ | C.B.D. $

P 090919003

[illegible] BALANCE REBATE [illegible] In the case of any [illegible] the unearned part of the FINANCE CHARGE [illegible] shall be included within the AMOUNT FINANCED [illegible] ANNUAL PERCENTAGE RATE, as shown on the reverse side hereof.

4. CONTINUATION OF LIEN. In consideration of the [illegible] agrees that the security interest granted in said [illegible] payments [illegible] in the order in which [illegible] items of [illegible] goods [illegible] on the same day the lowest [illegible]

5. CREDIT REPORTS. Debtor hereby authorizes Secured Party [illegible] employed by Secured Party to investigate the references set forth on the reverse side hereof [illegible] obtained from Debtor or from any other person pertaining to Debtor's credit and financial [illegible] compliance with the warranties, covenants and agreements herein contained.

6. DEBTOR'S OBLIGATIONS. The Debtor agrees (a) to make payments regularly at the office of the Secured Party [illegible] until all amounts hereby secured are paid in full; (b) upon Secured Party's [illegible] for the benefit of the Secured Party against all hazards [illegible] (c) [illegible] (d) [illegible] to keep the Collateral free and clear of all liens [illegible] in good repair and condition [illegible] by the Secured Party [illegible] in default, all expenses incurred in repossessing possession of the Collateral, including but not limited to [illegible] storage charges, reconditioning costs, and in the event collection hereunder is affected by an attorney [illegible]

7. DEFAULT. The Secured Party, at its option and without Notice to the Debtor, may declare the entire unpaid balance [illegible] all indebtedness and obligations hereby secured to be immediately due and payable [illegible] perform any obligation herein set forth or in any other security agreement between Debtor and Secured Party [illegible] bankruptcy, receivership or insolvency proceedings are instituted by or against Debtor [illegible] a corporation any petition or other document in connection with any reorganization of Debtor [illegible] shall be filed, or (d) any of the Collateral be made subject to any levy, execution or other judicial process [illegible] representations or warranties made by Debtor [illegible] or (f) of the death of any person signing this agreement as a Debtor [illegible] Secured Party shall reasonably deem itself insecure.

8. SECURED PARTY'S RIGHTS AND REMEDIES. Upon any default hereunder the Secured Party [illegible] shall have all the rights, remedies and privileges with respect to repossession [illegible] Collateral and/or of the proceeds thereof as are afforded to it by the applicable provisions of the Uniform Commercial Code [illegible] in North Carolina, and, in connection with, addition to or substitution for those rights at Secured Party's [illegible] enter upon Debtor's premises to take possession of, assemble and collect the Collateral [illegible] Collateral and make it available at a place designated by Secured Party which is mutually convenient [illegible] to take possession or dispose of the Collateral; (c) sell the Collateral in a commercially reasonable manner [illegible] reasonable expenses therefore (Debtor acknowledges that an amount equal to 25 percent of the resale value of the Collateral [illegible] commercially reasonable); and (d) waive any default or remedy any default in any reasonable manner without waiving the default [illegible] and without waiving any other prior or subsequent default. Written notice mailed first class [illegible] known address ten days in advance of any action proposed to be taken or actual notice given five days in advance [illegible] shall constitute reasonable notice for the purpose of this agreement.

9. LATE PAYMENT. If a payment is 10 days or more past due, you will be charged 5% of each payment [illegible] In no event shall Secured Party exercise its right to repossess any consumer goods constituting any part of the Collateral [illegible] any deferred payment with respect to the same because a payment herein provided for has not been timely received [illegible] the past due amount together with such late charge shall have been received and accepted.

10. FIXTURES. The parties agree that none of the Collateral hereof is a fixture or [illegible] attached to any real estate. In the event of default, Secured Party may remove the Collateral without liability [illegible] occasioned thereby, except as a proximate result of gross negligence by Secured Party in effecting such removal [illegible] has no right to file or otherwise [illegible] any mechanics' [illegible] of any of the Collateral thereon.

11. DEBTOR'S [illegible] AND AFFIRMS [illegible] that all information supplied [illegible] credit statement or application for credit prior to this [illegible] appearing below the Debtor's signature is his current mailing address [illegible] to all property hereby secured, [illegible] that any property [illegible] the Collateral is [illegible] encumbrance.

12. CONTINGENT ON CREDIT APPROVAL. This contract is contingent upon approval by Secured Party of the [illegible] credit submitted by Debtor. If Secured Party does not approve [illegible] disapproval within 30 days from the date of sale and refund any [illegible] party does not notify Debtor of credit disapproval within 30 days from the date of sale [illegible] deemed approved.

THIS CONTRACT SETS FORTH ALL CONDITIONS AND AGREEMENTS BETWEEN THE PARTIES [illegible] PARTY SHALL NOT BE BOUND BY ANY VERBAL AGREEMENT OR MODIFICATION [illegible] security interests in favor of SunTrust Bank, as Collateral Agent.

[illegible] hereby acknowledges receipt of a copy hereof.

[illegible] FURNITURE CO., INC.
[illegible] MAIN STREET
[illegible]
PHONE: [illegible]

NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

[signature] (SEAL)